UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

HUNTER ENGINEERING CO., )
)
Plaintiff, )
)
v. ) No. 4:08 CV 465 DDN
)
HENNESSY INDUSTRIES, INC., )
)
Defendant. )

**MEMORANDUM AND ORDER**

This action is before the court on the motion of plaintiff Hunter Engineering Co. to enforce a subpoena duces tecum. (Doc. 89.) The parties have consented to the exercise of plenary authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. 21.) The court held a hearing on August 21, 2009.

**I. BACKGROUND**

On April 7, 2008, Hunter Engineering Co. (Hunter) filed suit against Hennessy Industries, Inc. (Hennessy) for patent infringement. (Doc. 1.) In its complaint, Hunter alleged that Hennessy had infringed two of its patents that related to wheel balancing: Patent No. 6,952,964 (the '964 patent) and Patent No. 7,320,248 (the '248 patent). (Id. at ¶¶ 3-4.) While the parties were engaged in discovery, the court issued a protective order. (Doc. 40.) By its own terms, the protective order was to survive the end of the lawsuit between Hunter and Hennessy. (Id. at ¶ 18.) The protective order also contained a provision for dealing with subpoenas. (Id. at ¶ 14.) On April 14, 2009, Hunter and Hennessy settled the lawsuit, and agreed to dismiss the case with prejudice. (Doc. 87.)

While Hunter was settling its case against Hennessy, the company was arbitrating another patent infringement case against Snap-On Incorporated (the Snap-On Arbitration). (Doc. 89, Ex. B.) According to the settlement agreement between Hunter and Snap-On, this arbitration was to take place in Chicago, Illinois. (Doc. 92 under seal at 8.) On June 30, 2009, Robert Davidson, the arbitrator in the Snap-On

Arbitration, issued a subpoena to Hennessy, directing Hennessy to produce six types of documents.[1] (Doc. 89, Ex. B at 6.) On July 8, 2009, Hennessy wrote to Davidson, objecting to the subpoena. (Doc. 89, Ex. C.) Among its objections, Hennessy argued that the issuer lacked any jurisdiction over it, and that the subpoena requested confidential documents that were protected by this court's protective order. (Id. at ¶¶ 2, 7.) On July 14, 2009, Hunter filed this motion, seeking to have the court enforce the arbitrator's subpoena. (Doc. 89.)

## II. MOTION TO ENFORCE

Hunter moves to enforce the arbitrator's subpoena, and to force Hennessy to turn over the requested documents. First, Hunter argues that these documents are highly relevant to the Snap-On Arbitration, and that protective orders were never meant to prevent relevant evidence from being used in subsequent proceedings. Second, Hunter argues that it can safeguard all the documents in question, and notes that a protective order also governs the Snap-On Arbitration. Third, Hunter argues that this court has jurisdiction based on its earlier protective order. Hunter agrees that this court's protective order covers the documents requested by the arbitrator's subpoena. (Docs. 89, 92 under seal, 97.)

In response, Hennessy argues the court should not enforce the arbitrator's subpoena. First, Hennessy argues that the court lacks subject matter jurisdiction to rule the motion. Under the Federal Arbitration Act, the district court for the district in which the arbitrator is sitting is the only available forum. Second, Hennessy argues that the arbitrator lacks any authority to require a non-party to participate in discovery. Third, Hennessy argues that this dispute is not ripe, because the arbitrator has not ruled its initial objections. As part of its response, Hennessy moves for costs and fees associated with defending this motion. It argues that Hunter's motion was not based on a good faith interpretation of the law, and that Hunter

---

[1]Even though the arbitration was to take place in Chicago, Davidson seems to have issued the subpoena from New York City. (Doc. 89, Ex. B at 1.)

has violated the protective order by using confidential information in its motion.  (Docs. 90 under seal, 96.)

### III.  DISCUSSION

Section 7 of the Federal Arbitration Act (FAA) details the mechanism for enforcing an arbitrator-issued summons.  9 U.S.C. § 7.  It states, in relevant part,

> The arbitrators . . . may summon in writing any person to attend before them or any of them as a witness and in a proper case to bring with him or them any book, record, document, or paper which may be deemed material as evidence in the case. . . . [I]f any person or persons so summoned to testify shall refuse or neglect to obey said summons, upon petition the United States district court <u>for the district in which such arbitrators, or a majority of them, are sitting</u> may compel the attendance of such person or persons before said arbitrator or arbitrators. . . .

<u>Id.</u> (emphasis added).

Under the plain language of the statute, Hunter must file its motion to enforce the arbitrator-issued subpoena in the district where the arbitrator is sitting.  <u>See</u> <u>Amgen Inc. v. Kidney Ctr. of Del. County, Ltd.</u>, Civ. A. No. 94-MC-202, 1994 WL 594372, at *1 (E.D. Pa. Oct. 20, 1994) ("Since the arbitrator in the underlying arbitration is sitting in Chicago, it was incumbent upon Amgen, pursuant to the plain language of Section 7 of the [FAA], to bring its petition to compel compliance in the United States District Court for the Northern District of Illinois."); <u>see also</u> <u>Dynegy Midstream Servs. v. Trammochem</u>, 451 F.3d 89, 95 (2d Cir. 2006) ("[T]he arbitrators were sitting in the Southern District of New York, so FAA Section 7 required that any enforcement action be brought there."); <u>SchlumbergerSema, Inc. v. Xcel Energy, Inc.</u>, No. Civ. 02-4304 PAM JSM, 2004 WL 67647, at *1 (D. Minn. Jan. 9, 2004) (noting the underlying case was currently pending before an arbitration panel in Minneapolis).  If it is unclear where the arbitrator is "sitting," it is equally unclear whether the district court has jurisdiction to consider the petition.  <u>See</u> <u>Gresham v. Norris</u>, 304 F. Supp. 2d 795, 796 (E.D. Va. 2004) (finding the question of jurisdiction to be uncertain where the arbitrator signed the subpoena in Washington

D.C., but the subpoena itself stated that it was from "the People of the State of Virginia.").

In this case, Hunter represents that the settlement agreement provided that the arbitration was to take place in Chicago, Illinois. (Doc. 92 under seal at 8.) As a result, Hunter also represents that the arbitrator is sitting in the Northern District of Illinois. (Id.) Under the plain language of § 7 of the FAA, Hunter has filed its motion in the wrong district. See Amgen, 1994 WL 594372, at *2.

## IV. ORDER

For the reasons stated above,

**IT IS HEREBY ORDERED** that the motion of plaintiff Hunter Engineering Co. to enforce a subpoena duces tecum (Doc. 89) is denied without prejudice. Hunter Engineering may renew its motion in the United States District Court for the Northern District of Illinois.

**IT IS FURTHER ORDERED** that the request of defendant Hennessy Industries, Inc. for costs and fees (Doc. 90 under seal) for defending against the subject motion is denied.

    /S/   David D. Noce
   **UNITED STATES MAGISTRATE JUDGE**

Signed on November 12, 2009.