```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                           EASTERN DIVISION


HUNTER ENGINEERING CO.,            )
                                   )
             Plaintiff,            )
                                   )
        v.                         )    No. 4:08 CV 465 DDN
                                   )
HENNESSY INDUSTRIES, INC.,         )
                                   )
             Defendant.            )
```

**MEMORANDUM AND ORDER**

This action is before the court for consideration of the attorneys' fees and expenses to which defendant Hennessy Industries, Inc. is entitled following the Memorandum and Order issued on March 29, 2010, (Doc. 116). In that document the court found and concluded that plaintiff Hunter Engineering Co. violated the protective order issued in this action and committed civil contempt of court by disclosing 12 confidential Hennessy documents to the arbitrator and to third-party Snap-on Company in an arbitration unrelated to this action. The court decided that an award of expenses and attorneys' fees is an appropriate sanction. Hennessy was ordered to submit an affidavit supporting its attorneys' fees and expenses.

Hennessy has submitted the affidavit of Columbia, South Carolina attorney Jennifer L. Mallory in support of its claim to $39,373.00 in fees for the services of the law firms of Nelson Mullins Riley & Scarborough, LLP (Columbia, South Carolina), and Husch Blackwell Sanders, LLP (St. Louis, Missouri), plus $2,174.23 in out-of-pocket expenses, for a total of $41,547.23.

In response, Hunter argues that the total amount of claimed fees and expenses is excessive, because it represents redundant work by several attorneys, the nature of the dispute did not warrant the legal effort that Hennessy expended on it, the amount claimed included effort expended on issues for which Hennessy is not entitled to fees and expenses, and there are mitigating factors that call for a reduction in the fees and expenses award. Hennessy has not replied to Hunter's arguments.

Monetary sanctions for a finding of civil contempt should be compensatory and remedial; they are not intended to punish the civil

contemnor. Chicago Truck Drivers, Helpers and Warehouse Workers Union (Independent) Pension Fund v. Brotherhood Labor Leasing, 230 F.Supp.2d 963, 970-71 (E.D. Mo. 2002), aff'd 406 F.3d 955 (8th Cir. 2005), cert. denied sub nom. Dysart, Taylor, Lay, Cotter & McMonigle, P.C. v. Chicago Truck Drivers, Helpers & Warehouse Workers Union Pension Fund, 546 U.S. 1138 (2006). Such sanctions properly include attorneys fees and expenses. Kehm v. Procter & Gamble Mfg. Co., 724 F.2d 630 (8th Cir. 1984)(contempt finding based upon distribution of documents in violation of protective order); Jake's Ltd., Inc. v. City of Coates, 356 F.3d 896, 900 (8th Cir. 2004).

The well established standard for determining the amount of reasonable attorneys fees is the lodestar method, which determines the number of hours reasonably expended on the subject matter multiplied by a reasonable hourly rate. Hensley v. Eckerhart, 461 U.S. 424, 433–34 (1983); Quigley v. Winter, 598 F.3d 938, 957 (8th Cir. 2010); Daugherty v. Central Credit Services, 2010 WL 1610388 at *2 (E.D.Mo. 2010); Murphy v. Fedex National LTL, Inc., 2009 WL 1939957 at *1 (E.D.Mo. 2009). In this regard the court is careful to include in the calculations the effort that counsel expended only on the matter for which the client is entitled to recover fees. Murphy v. Fedex National LTL, Inc., at *1 (distinguishing between FMLA claim and ERISA claim).

After deciding the lodestar amount, the court will consider certain factors to determine whether the loadstar amount should be adjusted upward or downward. Daugherty v. Central Credit Services, 2010 WL 1610388 at *2.

<u>Lodestar amount</u>

Hunter objects that the number of attorney hours claimed by Hennessy is excessive in part because it reflects duplicative work by its attorneys.

In this regard, relevant chronology is important. Prior to November 11, 2009, Hunter and Hennessy disputed whether Hunter could use the 12 Hennessy documents in the Snap-on arbitration. The matter had previously been submitted to this court for determination. Hunter wrongfully disclosed the subject documents on November 11, 2009. The next day, November 12, 2009, without reaching the issue of whether the protective order prohibited the disclosure of the documents, the court denied the motion of Hunter which sought authorization to disclose the

documents to the arbitrator.  As soon as November 13, Hennessy's attorney M.C. Dukes was in communication with the arbitrator and Snap-on's counsel about safeguarding the documents.

On November 15, 2009, Hennessy filed its motion for an order for Hunter to show cause why it should not be held in contempt.  Soon thereafter, Hunter also contacted the arbitrator and Snap-on's counsel to secure the documents and was successful in that regard.  (Doc. 103 at 3.)  On December 10, 2009, Hennessy filed a memorandum in opposition to Hunter's motion for leave to use documents and a reply to Hunter's response to the motion for a show cause order.  Thereafter, Hennessy's counsel prepared for the hearing which the court conducted on January 25, 2010.

In the order issued March 29, 2010, the court found Hunter in contempt and ordered it to return the confidential documents to Hennessy.  On April 19, 2010, Hunter certified to the court that it had complied with the court's order by returning Hennessy documents to it or by having previously destroyed related documents.  Hennessy has not controverted these facts or otherwise shown that it has been injured by Hunter's actions.

From the documents filed by Hennessy describing the work of counsel, the court observes that on behalf of Hennessy counsel apparently repeatedly reviewed the work of other counsel. This work was duplicative and renders the number of hours excessive.  The court has reduced the claimed hours to amounts that are reasonable under the facts presented by the case and the matters raised in the papers filed by counsel.

During the period November 12-15, 2009, three of Hennessy's South Carolina counsel, M.C. Dukes, N.C. Jones, and Jennifer Mallory, largely reviewed the same matters which led to the filing of Hennessy's motion for an order to show cause.  Upon due consideration of the work reasonably necessary to the motion to show cause and related documents filed, the court approves for attorney Dukes 1 hour, for attorney Jones 2 hours, and for attorney Mallory 5 hours.

During the period November 15 to and including December 10, 2009, Hennessy used the services of South Carolina attorneys Dukes and Mallory, their paralegal E.T. Mathis, and the services of paralegal L. Schroeder (with the Husch Blackwell Sanders firm in St. Louis).  Also mentioned in the recap (Doc. 118-1 at 4) are M.S. Keane and F. Eaddy;

however, no description of their work is shown.  The court approves for this period of time for attorney Dukes 1 hour, for attorney Mallory 4 hours, for paralegal Schroeder 1.1 hours, and for paralegal Mathis 1 hour.

In preparing for the in-court hearing on the motion to show cause, from December 10, 2009 to and including January 29, 2010, Hennessy used the services of South Carolina attorneys Dukes and Mallory, as well as St. Louis attorneys E. Hansell and J. Orlet, and paralegal Schroeder. For this work, the court approves fees for attorney Orlet 2 hours, attorney Hansell 1 hour, attorney Mallory 3 hours, and paralegal Schroeder .5 hour.

Hunter has not contested the hourly fee rates for the law firm personnel claimed by Hennessy.  Therefore, the court finds that the lodestar amount for attorneys' fees is calculated as follows:

Attorney M.C. Dukes: 3 hours X $440 = $1320.00
Attorney N.C. Jones: 2 hours X $425 = $850.00
Attorney Jennifer Mallory: 12 hours X $315.00 = $3780.00
Attorney J. Orlet: 2 hours X $380.00 = $760.00
Attorney E. Hansell: 1 hours X $300.00 = $300.00
Paralegal L. Schroeder: 1.6 hours X $170.00 = $272.00
Paralegal E.T. Mathis: 1 hour X $120 = $120.00
Total attorneys' fees: $7,402.00

Hennessy seeks to recover out-of-pocket expenses, other than attorneys' fees, in the total amount of $2,174.23.  These expenses are comprised of Westlaw (automated legal research costs) and postage (Docs. 118-1 at 4, 118-3 at 3, 118-4 at 2); photocopies (Doc. 118-2 at 3, 118-3 at 3, 118-4 at 2), PACER fees for access to court file (Doc. 118-3 at 3), and attorney travel expenses (Doc. 118-4 at 2), mileage and parking expense (Doc. 118-7 at 2), and long distance telephone expense (Doc. 118-7 at 2).

Hunter argues that Hennessy's charges for Westlaw and PACER usage and postage and other delivery costs are not properly taxable as costs. The court agrees.  When claimed as costs of litigation, such items have been held not taxable costs, because they are covered by the attorneys' hourly rates. Smith v. Tenet Healthsystem SL, Inc., 436 F.3d 879, 889 (8th Cir. 2006); Leftwich v. Harris-Stowe State College, 702 F.2d 686, 695 (8th Cir. 1983); Murphy v. Fedex National LTL, Inc., 2009 WL 1939957 at * n.9 (E.D.Mo. 2009); Kientzy v. McDonnell Douglas Corp., 1992 WL

196769 at (E.D.Mo. 1992); <u>Hollenbeck v. Falstaff Brewing Corp.</u>, 605 F. Supp. 421, 439 (E.D. Mo. 1984), <u>aff'd</u> 780 F.2d 20 (8th Cir. 1985). Similarly, the travel expenses of Hennessy's attorney Jennifer Mallory are not recoverable under 28 U.S.C. § 1920. <u>Murphy v. Fedex Nat. LTL, Inc.</u>, at n.9.

However, courts in this circuit have held that such expenses, when they are reasonably incurred, are out-of-pocket expenses that are usually charged to clients by attorneys. As such, courts of this circuit have awarded them as "attorneys fees." <u>Nelson v. Metro. Life Ins. Co.</u>, 2010 WL 153040 at *13 (D.Minn. 2010); <u>Baker v. John Morrell & Co.</u>, 263 F.Supp.2d 1161, 1203 (N.D. Iowa 2003). This court also concludes that Hennessy may claim them as part of the claimed "attorneys fees."

The cost of the photocopying is recoverable as a cost of litigation. <u>Concord Boat Corp. v. Brunswick Corp.</u>, 309 F.3d 494, 498 (8th Cir. 2002).

Therefore, the court will allow these out-of-pocket expenses, including the cost of counsel travel, and add them to the attorneys' fees amount. The total lodestar amount, including the out-of-pocket expenses is $9,576.23.

Hunter argues Hennessy expended attorneys' fees on issues for which Hennessy is not entitled to fees and expenses. This argument is based, first, upon Hunter's position that Hennessy's response to Hunter's November 30, 2009 motion for leave to use the subject documents. The court rejects this argument, because Hunter had violated the protective order by its use of the documents on November 11, 2009 and Hunter's motion for retroactive approval was part and parcel of the dispute.

Hunter argues that there are mitigating factors that call for a reduction in the fees and expenses award. It spends 4+ pages of its memorandum, Doc. 119 at 5-10, explaining that it acted as it did with a purpose authorized by the Federal Rules of Civil Procedure and that it never intended to violate the protective order. Nevertheless, while the matter of whether the subject documents should be disclosed was before the court, Hunter decided for itself that the court would rule in its favor and proceeded to act risking a ruling that it was acting contrary to the court's protective order. Hunter's speculation that it would receive the court's retroactive approval turned out to be

unfounded, albeit not on the merits of the arguments.  Hunter is entitled to no mitigation by this argument.

Hunter argues that it submitted the 12 documents to the arbitrator and to the third party under seal and to a very limited number of people.  Further, it argues that it advised Hennessy what it intended to do before doing it, thus giving Hennessy an opportunity to call upon the court for protection and perhaps for a quicker ruling on the pending motion for authorization to disclose the documents.  The accuracy of these facts is not disputed by Hennessy and is indicated by the fact that Hennessy filed the motion to show cause the day after the disclosure of the documents occurred.  Further, as soon as Hennessy filed its motion to show cause, Hunter asserts it (Hunter) "immediately took steps to make sure no one saw the 12 documents. **To this day, no one has seen the documents, including not even the arbitrator and Snap-on's outside counsel."**  (Doc. 119 at 10.)  Again, these facts are not challenged by Hennessy.  It is clear to the court, then, that as soon as the unauthorized disclosure occurred, any harm to Hennessy by the disclosure itself was avoided.  And consequently, the need for substantial litigation over the motion to show cause dissipated.

For these reasons, the court finds and concludes that the substantial effort expended by Hennessy to vindicate its rights could reasonably have been considerably less.  The lodestar amount is therefore excessive and in the court's analysis the amount claimed should have been further reduced.

The court, therefore, reduces the lodestar amount of attorneys' fees and expenses by one-third.

## CONCLUSION

For these reasons,

**IT IS HEREBY ORDERED** that Hunter Engineering Company pay Hennessy Industries, Inc., as reasonable attorneys' fees and out-of-pocket costs the sum of $6,384.15 ($9,576.23 less one-third).

                                            /S/   David D. Noce
                                         **UNITED STATES MAGISTRATE JUDGE**

Signed on June 25, 2010.